1  DELTA LAW GROUP
   A PROFESSIONAL LAW CORPORATION
2  JIM G. PRICE, ESQ., SBN 119324
   6569 BRENTWOOD BOULEVARD
3  P.O. BOX 1417
   BRENTWOOD, CA  94513
4  TELEPHONE:  925-516-4686
   FACSIMILE:  925-516-4058
5
   Attorneys for Plaintiff
6  SORINA PEREZ

7

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11
   SORINA PEREZ, an individual,  )  Case No. **C13-0191**
12                                )
              Plaintiff,          )  **VERIFIED COMPLAINT FOR DAMAGES**
13                                )
   v.                             )  **JURY TRIAL DEMANDED**
14                                )
                                  )
15 GOODMAN, STERN & ASSOCIATES,   )
   LLC aka GOODMAN AND STERN, LLC,)
16 and DOES 1 through 20,         )
   inclusive,                     )
17                                )
              Defendants.         )
18                                )
                                  )
19 _____ )

                        **INTRODUCTION**
20
21     1.   The United States Congress has found abundant evidence

22 of the use of abusive, deceptive, and unfair debt collection

23 practices by many debt collectors, and has determined that

24 abusive debt collection practices contribute to the number of

25 personal bankruptcies, to marital instability, to the loss of

   jobs, and to invasions of individual privacy.  Congress wrote

VERIFIED COMPLAINT FOR DAMAGES                          Page 1

the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. SORINA PEREZ (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of GOODMAN, STERN & ASSOCIATES, LLC aka GOODMAN AND STERN, LLC

---

[1] 15 U.S.C. 1692(a)-(e)

[2] Cal. Civ. Code 1788.1(a)-(b)

(hereinafter "Defendant GS&A"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

4.   For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6.   This action arises out of Defendants' violations of the following:  the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7.   Because Defendants do business within the State of California, personal jurisdiction is established.

8.   Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES

9.   Plaintiff is a natural person who resides in the County of Contra Costa, State of California and is obligated or

allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant GS&A is a debt collector operating from Orlando, State of Florida.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant DOE 1, as an agent of Defendant GS&A, conducted business from Orlando, State of Florida.

13.    Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

14.    Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law licensed in California and are persons who, in the ordinary

course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

15.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

16.  At all times relevant, Plaintiff was an individual residing within the State of California.

17.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

18.  Sometime before November 19, 2012, Plaintiff allegedly incurred financial obligations that were money, property, or their equivalent, which is due and owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime before November 19, 2012, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

21. Plaintiff is informed and believes, and thereon alleges, that before November 19, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant GS&A for collection.

22. On November 19, 2012, Defendant called Plaintiff's mother to tell Plaintiff to call them or she needed to be home "tomorrow between 9:00 a.m. and 3:00 p.m. because the police are coming to serve papers on her."

23. This telephone call to Plaintiff's mother was a "communication" as that term is defined by 15 U.S.C. §1692a(2), a "debt collection" as that term is defined by California Civil Code §1788.2(b). As such, this action by Defendants violated 15 U.S.C. §§1692d, 1692e, and 1692f. Because Defendants' actions violated 15 U.S.C. §§1692d, 1692e, and 1692f, Defendants also violated California Civil Code §1788.17.

///

///

///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

24.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., including but not limited to, 1692d, 1692d(2), 1692e, and 1692e(2).

26.  As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

///

///

///

///

///

1

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### §§ 1788-1788.32 (RFDCPA)

27.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

29.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED:  December //, 2012       Respectfully submitted,

                                DELTA LAW GROUP


                                BY: _____
                                    JIM G. PRICE
                                    Attorneys for Plaintiff
                                    SORINA PEREZ

**VERIFICATION**

I, SORINA PEREZ, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _7_ day of December, 2012, at Brentwood, California.

                                        _____
                                        SORINA PEREZ